UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON LEE AUDETTE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ERIC ARNOLD, Warden,<br><br>　　　　Respondent. | No. 2:16-cv-01256 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

Petitioner Carlton Lee Audette is a state prisoner proceeding pro se with a First Amended Petition (FAP) for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, which challenges his 2004 conviction for attempted second degree robbery. See ECF No. 4. Petitioner paid the filing fee. This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

Currently pending is respondent's motion to dismiss the FAP on the ground that it is successive and filed in this court without prior authorization from the Ninth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b). Alternatively, respondent moves for dismissal on the ground that the FAP is time-barred because filed after expiration of the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). These matters have been fully briefed by the parties. See ECF Nos. 15-6, 20, 27.

Pursuant to court order, respondent has supplemented the record with the evidence of petitioner's prior convictions including his "actual discharge date," and the parties have addressed the relevance of this evidence to the pending motion. See ECF Nos. 32, 33.

For the reasons set forth below, the undersigned recommends that respondent's motion to dismiss be granted.

## BACKGROUND

### State Court Proceedings

The state court record, lodged in this court by respondent, documents the following procedural history.[1] On May 11, 2004, in Shasta County Superior Court, petitioner was convicted by a jury of attempted second degree robbery (Count One), possession of a controlled substance (Count Two), and transportation of a controlled substance (Count Three). The jury found true six sentencing enhancement allegations. On June 17, 2004, petitioner was sentenced to an indeterminate state prison term of 88-years-to-life (58 years for the convictions, 30 years for the enhancements). See Lodged Document (Lodg. Doc.) No. 1 (Shasta County Superior Court Case No. 02F6333).

On October 27, 2005, the California Court of Appeal, Third Appellate District, reversed petitioner's convictions on Counts Two and Three and directed the trial court to amend the abstract of judgment accordingly. Lodg. Doc. 2 (Court of Appeal Case No. C047196); see also ECF No. 29-1 at 9.

---

[1] The record submitted by respondent is deficient in the following ways, none of which are pertinent to the matters addressed herein: (1) Lodged Document No. 11 contains the ruling of the Court of Appeal, not the Superior Court as indicated; and (2) only the docket sheets (not copies of the original court orders) were provided in Lodged Document Nos. 9, 12, 13, and 15.
The latter practice does not permit the court to perform the review required by 28 U.S.C. § 2254. The presence or absence of any stated reason for denial, no matter how briefly identified, or any citation to authority, has potential consequences for review under § 2254. See Cullen v. Pinholster, 131 S. Ct. 1388, 1399 (2011) (focus of 2254(d) review is "what a state court. . . did"); Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991) (where state court's denial is unexplained, federal court must "look through" it to last reasoned decision); Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc) (where state court's denial is explained, federal court's analysis is limited to its actual reasoning and analysis); Cone v. Bell, 556 U.S. 449, 472 (2009) (where state court denial rests on procedural ground, federal court conducts de novo review of merits). In light of the court's duty to review what the state court actually did, respondent's counsel is informed that future lodged state court records must include all state court orders denying relief.

On January 18, 2006, the California Supreme Court summarily denied review. Lodg. Docs. 3-4 (California Supreme Court Case No. S139398).

From 2008 to 2016, petitioner pursued multiple pro se applications for state post-conviction relief.[2] His first state habeas petition was filed in the Shasta County Superior Court on July 28, 2008, and summarily denied by written order on September 22, 2008. Lodg. Doc. 5. Petitioner next filed a habeas petition in the California Court of Appeal, Third Appellate District, on February 26, 2009. Lodg. Doc. 6. That petition was summarily denied on March 26, 2009. Lodg. Doc. 7. On June 21, 2010, petitioner filed a habeas petition in the California Supreme Court. Lodg. Doc. 8. It was denied on February 2, 2011. Lodg. Doc. 9.

On December 3, 2012, petitioner filed a motion for resentencing under Proposition 36 in the Shasta County Superior Court. Lodg. Doc. 10. It was denied on January 8, 2013. Petitioner appealed the denial on March 6, 2013. Lodg. Doc. 12. The California Court of Appeal, Third Appellate District, dismissed the appeal on October 22, 2013. Lodg. Docs. 11, 12. On July 23, 2015, petitioner filed a motion to recall the remittitur. Lodg. Doc. 13. The Court of Appeal summarily denied the motion on August 6, 2015. Lodg. Doc. 14. A petition for review of that denial was filed in the California Supreme Court on September 9, 2015. Lodg. Doc. 15. The petition for review was denied on October 14, 2015. Id.

Petitioner filed a petition for writ of habeas corpus in the Shasta County Superior Court on November 17, 2015. Lodg. Doc. 16. It was denied on December 9, 2015. Lodg. Doc. 17. A petition for writ of mandate was filed in the California Court of Appeal, Third Appellate District on January 19, 2016. Lodg. Doc. 18. It was summarily denied on February 4, 2016. Lodg. Doc. 19. A petition for review was filed in the California Supreme Court on February 16, 2016. Lodg.

---

[2] The following state filing dates (and the federal filing dates noted elsewhere in these findings and recommendations) reflect the benefit of the prison mailbox rule whenever possible. See Motion to Dismiss, ECF No. 15 at 2-3, fns. 1-6. Pursuant to this rule, a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

Doc. 20. It was summarily denied on March 23, 2016. Lodg. Doc. 21.

Federal Court Proceedings

On April 3, 2006, petitioner filed a petition for federal habeas relief in this court. See Audette v. Castro (previously Sisto), Case No. 2:06-cv-00738 JWS, ECF No. 1. On January 29, 2009, the petition was denied on the merits. See id., ECF Nos. 16, 17; see also Lodg. Doc. 23 herein. On February 15, 2009, petitioner filed a notice of appeal, a request to proceed in forma pauperis, and a request for a certificate of appealability in the Ninth Circuit Court of Appeals. See Audette v. Castro, Case No. 2:06-cv-00738 JWS, ECF Nos. 18-20. On March 9, 2011, the Ninth Circuit summarily denied petitioner's request for a certificate of appealability and denied his remaining motions as moot. See id., ECF No. 24; see also Lodg. Doc. 24 herein.

The instant petition was filed on June 7, 2016. ECF No. 1.

## THE FIRST AMENDED PETITION IS SUCCESSIVE

I. Legal Standards

The federal habeas statute precludes "second or successive" federal habeas petitions "unless the petitioner meets certain narrow requirements." Jones v. Ryan, 733 F.3d 825, 834 (9th Cir. 2013) (citing 28 U.S.C. § 2244(b)). "The statute provides that '[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless' it 'relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable' or on newly discovered facts that show a high probability of actual innocence." Jones, 733 F. 3d at 834 (citing 28 U.S.C. § 2244(b)(2)(A)-(B), and Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005)). "'Generally, a new petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition.'" Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (quoting Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001)). A claim is successive when "the basic thrust or gravamen" of the claim is predicated on the same challenges previously considered in an earlier habeas petition. Morales v. Ornoski, 439 F.3d 529, 532 (9th Cir. 2006).

////

"Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." Woods, 525 F.3d at 888 (citing 28 U.S.C. § 2244(b)(3)). A successive habeas petition may not be filed in this district court without prior authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b); Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once a district court recognizes that a petition is second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits of the petition).

"Only after the Circuit has made the initial determination that the petitioner has made a prima facie showing under § 2244(b)(2) does the district court have any authority to consider whether the petitioner has, in fact, met the statutory requirements of § 2244(b). See 28 U.S.C. § 2244(b)(4). Thereafter, under § 2244(b)(4), the petitioner must make 'more than another prima facie showing' in the district court; the 'district court must conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the [petition] meets the statutory requirements for the filing of a second or successive petition.'" Jaimes v. Uribe, 2013 WL 2122157, at *2 (C.D. Cal. 2013) (quoting United States v. Villa–Gonzalez, 208 F.3d 1160, 1164–65 (9th Cir. 2000)).

II. Analysis

Respondent seeks dismissal of the instant petition on the ground that it is "second or successive" within the meaning of 28 U.S.C. § 2244(b)(2), and was filed in this court without prior authorization from the Ninth Circuit Court of Appeals, as required under 28 U.S.C. § 2244(b)(3). Petitioner contends that the instant petition is not successive or, if successive, meets one of the exceptions to the requirement of dismissal.

This petition challenges the same 2004 conviction and state court judgment that were challenged in petitioner's 2006 federal habeas petition (Audette v. Castro, Case No. 2:06-cv-00738 JWS). Because the claims asserted in the instant federal habeas petition[3] are not the same

---

[3] Petitioner asserts the following four claims in the instant FAP, ECF No. 4:
(continued…)

as those presented in petitioner's 2006 petition,[4] dismissal is required unless one the following exceptions is met:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; *or*
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; *and*
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Petitioner contends that the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004) applies retroactively and permits a second petition under § 2244(b)(2)(A), and that the enhancement allegations found true at trial are not supported by the evidence, permitting a second petition under § 2244(b)(2)(B).

This court need not consider the parties' arguments regarding applicability of the statutory exceptions to the successiveness bar, because that is a determination for the Court of Appeals. See § 2244(b)(3)(A).

Petitioner attempts to evade the statutory bar by arguing that his 2006 petition was not decided on the merits, but that is incorrect.[5] Because petitioner has "twice brought claims

---

(1) petitioner was denied his right to appeal on a complete record due to the sealing of the trial court record; (2) petitioner was denied legal representation at his May 6, 2004 motion for mistrial/new trial; (3) petitioner was denied the effective assistance of counsel at his "bifurcated trial on priors" because trial counsel failed to challenge petitioner's sentencing enhancement allegations/prior convictions; and (4) sentencing error under Blakely v. Washington, 542 U.S. 296 (2004).

[4] That petition, as construed by the court, raised the following three grounds: "(1) the trial court abused its discretion in admitting evidence of an uncharged robbery in violation of [petitioner's] constitutional rights to due process and a fair trial; (2) use of a 50,000 volt REACT belt attached to his leg during trial violated due process, to a fair trial, and to assist in his defense; and (3) reversal of the conviction of the narcotics charges requires the grant of a new trial." See Audette v. Castro, Case No. 2:06-cv-00738 JWS, ECF No. 16 at 2; see also Lodg. Doc. 23.

[5] This district court denied on the merits each of the three claims asserted in petitioner's 2006 habeas petition. See Audette v. Castro, Case No. 2:06-cv-00738 JWS, ECF No. 16 at 2 (Lodg. Doc. 23). Addressing the first ground, which challenged the trial court's admission of evidence (continued…)

contesting the same custody imposed by the same judgment of a state court," <u>Burton</u>, 549 U.S. at 153, the instant petition is "second or successive" within the meaning of 28 U.S.C. § 2244. Without prior authorization from the Ninth Circuit Court of Appeals that the instant petition may proceed, this court is without jurisdiction to consider it. See <u>Cooper</u>, 274 F.3d at 1274 (absent such authorization, once the district court recognizes a petition as successive, it lacks jurisdiction to consider the merits).

Accordingly, the instant federal habeas petition must be dismissed on the ground that it is second or successive. Accordingly, the court need not address the statute of limitations issue.

## CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 15, be granted; and

2. Petitioner's First Amended Petition for writ of habeas corpus filed pursuant to 28

---

of an uncharged attempted robbery to establish that petitioner was the perpetrator of the charged attempted robbery, the district court evaluated the state appellate court's determination that such admission was in error but nonetheless harmless because the admissible evidence against petitioner was strong. The district court found the state appellate court's determination was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." <u>Id</u>. at 5. The court further found that the state court's application of the correct legal principle to the facts of petitioner's case was not objectively unreasonable. <u>Id</u>. at 4-5. Finally, the district court determined that it "cannot find that the error, even if of constitutional magnitude, had a substantial and injurious effect or influence in determining the jury's verdict." <u>Id</u>. at 5.

Addressing the second ground, which challenged the requirement that petitioner wear a "stun belt" during trial, the district court found that the substance of the claim was procedurally defaulted because (as found by the state appellate court), petitioner had not challenged the matter in the trial court. <u>Id.</u> at 6-7. The district court addressed the merits of petitioner's related ineffective assistance claim and found that the decision of the state appellate court, which found that trial counsel's failure to challenge the stun belt was neither deficient nor prejudicial, applied the same standard as that used by the Supreme Court. <u>Id.</u> at 8. The district court found the state court's determination was neither contrary to, nor or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented. <u>Id.</u>

Addressing the third ground for relief raised in petitioner's prior federal petition, that the state appellate court's reversal of petitioner's convictions on the narcotics charges required that he be granted a new trial, this court initially noted that petitioner had failed to exhaust the claim in the state courts. <u>Id.</u> at 9. Addressing the merits of the claim, the district court found that petitioner had failed to meet his burden of demonstrating that joinder of the narcotics charges was impermissible or had a substantial and injurious effect on the jury in reaching the attempted robbery verdict. <u>Id.</u>

U.S.C. § 2254, ECF No. 4, be dismissed because second or successive under 28 U.S.C. § 2244(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED: September 1, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE